16983

MRS. CLARA LYON, Respondent, v. WILLIAM J. LYON, Appellant
(86 S. E. (2d) 606)

*Messrs. Poliakoff & Poliakoff,* of Aiken, *for Appellant,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondent,*

March 21, 1955.

BAKER, Chief Justice.

We quote the first paragraph of the agreed "Statement" of the record:

"This is an action for a divorce on the grounds of physical cruelty and habitual drunkenness and for other appropriate relief, commenced by the wife, respondent herein, in the Court of Common Pleas for Aiken County, of Service of Summons, Verified Complaint, and Rule to Show Cause on the husband, appellant herein, on the 10th day of August, 1954. No children were born of this marriage, therefore the question of custody is not involved."

The defendant-appellant demurred to the complaint on the following ground: "That it appears upon the face thereof, the complaint does not state facts sufficient to constitute a cause of action for divorce within the meaning of the law and statutes of the State of South Carolina in such cases made and provided."

Upon a hearing of this demurrer, Judge Henderson passed an order overruling same, stating therein that "while the allegations as to cruelty may well be subject to a motion to make more definite and certain," it was, in his opinion, not subject to a general demurrer. He then stated it was unnecessary to consider the matter of habitual drunkenness at that time.

Paragraph four (4) of the complaint contains the only grounds for a divorce alleged, the first sentence therein reading:

"The defendant has been given to the excessive use of intoxicants habitually generally around week-ends and when

he takes the intoxicants it makes him a changed man, and makes him violent, and the defendant has on some occasions applied physical violence and force to her, even going so far as choking her on one occasion, when plaintiff's brother stopped him."

Since Article XVII, Section 3, of the Constitution of 1895, as amended, now permits the granting of divorces from the bonds of matrimony on the grounds of * * * physical cruelty, * * *, and Section 20-101 of the Code provides in substance the same thing without defining physical cruelty, it is our opinion that the order appealed from should be affirmed. What constitutes physical cruelty under our divorce law is a matter of proof rather than allegation. In addition to this, we are inclined to think, as stated by the order of Judge Henderson, that the allegations in the complaint as to cruelty may well be subject to a motion to make more definite and certain.

Affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.